IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT JOSEPH FIORE, II,           )
                                   )
                    Petitioner,    )
                                   )
           v.                      )       1:14CV775
                                   )
SHERIFF KEVIN AUTEN,               )
                                   )
                    Respondent.    )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a Petition [Doc. #1] under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody, together with the $5 filing fee and a Motion for Release [Doc. #2]. For the following reasons, the Petition cannot be further processed.

1. Petitioner is a pretrial detainee who has not yet been convicted of a crime, but who seeks to challenge his pending state court charges in this Court. Therefore, a Petition under § 2254 is not appropriate and Petitioner would have to challenge the pending charges, if at all, under 28 U.S.C. § 2241.

2. Even if the Court were to treat Petitioner's filing as a Petition under § 2241, it should still be dismissed. Plaintiff seeks to have the Court intervene in his state court criminal case, but it is not ordinarily proper for this Court to intervene in ongoing state criminal proceedings. Such intervention could only occur in instances of bad faith, irreparable injury beyond the burden of defending the criminal action, or a lack of available state court remedies. See Younger v. Harris, 401 U.S. 37 (1971); Gilliam v. Foster, 75 F.3d 881, 904-905 (4th Cir. 1996). Petitioner has not made such a showing here. Instead, he attacks the evidence against him and the credibility of his accusers. He also criticizes his attorney. These types of issues can typically be raised during a state criminal proceeding. Unless Petitioner can meet the requirements set out above, he should litigate the issues he raises in his state court criminal case.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. His Motion for Release should also be denied. To further aid Petitioner, the Clerk is instructed return petitioner's $5.00 filing fee and to send Petitioner a new application to proceed *in forma pauperis*, new § 2241 forms, and instructions for filing a § 2241 petition, which Petitioner should follow only if he can meet the requirements for filing such a petition.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed return Petitioner's $5.00 filing fee and to send Petitioner § 2241 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that Petitioner's Motion for Release [Doc. #2] be denied and that this action be dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 8th day of January, 2015.

            /s/ Joi Elizabeth Peake
            United States Magistrate Judge